



FILED

MAR 9 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re | Case No. 08-91491-D-11 |
| ERICA BURDG and DAVID BURDG, | |
| Debtors. | |
| GARY R. FARRAR, TRUSTEE, | Adv. Pro. No. 09-09048 |
| Plaintiff, | |
| v. | |
| CARLOS OBANDO, | |
| Defendant. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court issues these Findings of Fact and Conclusions of Law are issued by the court in support of its order denying the *Ex Parte* Motion to Set Aside Order for Entry of Default Judgment.

**Findings of Fact**

1. Carlos Obando is a defendant in Adversary Proceeding 09-09048, which was commenced by the Chapter 7 Trustee on August 6, 2009.

2. The Adversary Proceeding seeks to recovery property transferred to Carlos Obando by the Debtors.

3. David Burdg and Erica Burdg filed an answer to the complaint on August 24, 2009.

    4.    Carlos Obando did not file an answer or other responsive pleading, and on December 3, 2009, the Clerk of the Court entered the default of Carlos Obando.

    5.    On January 4, 2010, the Trustee filed a motion for entry of a default judgment against Carlos Obando.

    6.    On January 13, 2010, Carlos Obando filed a Request for Denial of Entry of Default Judgment. This opposition states, that,

    a.    Erica and David Burdg are Carlos Obando's parents,

    b.    An explanation as to why the title transfer documents for the vehicle which is the subject of the Adversary Proceeding is stated under penalty of perjury to be a gift.

    c.    An explanation as to why the vehicle continues to be stored and maintained at his parents home.

    d.    States that the $30,000.00 he received from his parents after he received title to the vehicle was not for the vehicle he received.

    e.    States that Carlos Obando failed to perform service of the original complaint, and that he responded as soon as he was made aware of the complaint.

    f.    No declaration was filed in support of the opposition or stating under penalty of perjury the allegations made therein.

    7.    The January 13, 2010, opposition was the first appearance by Carlos Obando in this Adversary Proceeding.

    8.    On January 15, 2010, Carlos Obando, Erica Burdg, and David Burdg (collectively "Defendants") filed a one-sentence *ex parte* motion to postpone the February 10, 2010 hearing on the Trustee's motion for entry of a default judgment. No declaration was filed stating grounds under penalty of perjury the basis for any requested postponement.

    9.    The Trustee filed an opposition to the *ex parte* motion

to postpone the hearing on motion to enter a default judgment against Carlos Obando.

10. The court denied the motion to postpone the hearing, with the order entered on February 3, 2010.

11. On February 4, 2010, Carlos Obando, Erica Burdg, and David Burdg, filed a second one-page *ex parte* motion to postpone the hearing date. This *ex parte* motion stated that Carlos Obando would "have great difficulty getting time off from his current assignment with his employer which has him on a long term out of county, statewide, training assignment." No declaration was filed in support of the *ex parte* motion and no one testified under penalty of perjury for the facts alleged or provided any detail in support of the statements.

12. The Trustee filed an opposition to the request to postpone the hearing.

13. The court denied the second *ex parte* motion to postpone the hearing.

14. The hearing on the Trustee's motion for entry of a default judgment against Carlos Obando was conducted on February 10, 2010. Carlos Obando, Erica Burdg, and David Burdg, appeared and argued in opposition to the Trustee's Motion. Upon consideration of the evidence submitted and arguments made, the court granted the Motion.

15. On March 1, 2010, the court entered the order granting the motion for a default judgment in favor of the Trustee against Carlos Obando.

16. On March 1, 2010, Carlos Obando, Erica Burdg, and David Burdg filed an *Ex Parte* Motion to Set Aside Order for Entry of

Default Judgment.

17. As with the prior *ex parte* pleadings filed by the defendants in this Adversary Proceeding, they do not provide a declaration or any testimony under penalty of perjury.

18. Attached to the *Ex Parte* Motion to Set Aside the Order for Entry of Default Judgment are approximately 30 pages of unauthenticated documents. The attachments include various utility bills and correspondence from third-parties purporting to explain why the defendants completed the state title transfer forms under penalty of perjury stating that the vehicle was a gift to Carlos Obando, that such statement was done under penalty of perjury to avoid payment of the use tax and California environmental laws.

19. Also attached as an exhibit by these Defendants is a copy of a letter from Thomas Hogan dated February 23, 2010, as the attorney for the Defendants, sent to the attorney for the Trustee. The letter purports to state why the Trustee would not be entitled to the judgment. Presumably, the attorney for the Defendants sent this letter as a settlement communication and intended for the letter to be privileged. For an unidentified reason, the Defendants chose to include this letter as another unauthenticated exhibit, which letter discloses several other vehicles that appear to be at issue with the Trustee.

20. In the March 1, 2010, *Ex Parte* Motion, it states (but does not identify which of the parties signing the Motion so contend) that Carlos Obando was not properly served with the complaint. The Motion does not allege that Carlos Obando was not served, nor does it allege what is meant by saying that Carlos

Obando was not "properly served."

## Conclusions of Law

1. A motion to vacate an order or judgment is properly brought pursuant to Rule 60, Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Rule 9024, Federal Rules of Bankruptcy Procedure.

2. Rule 60(b) specifies the grounds for which relief from a judgment or order may be obtained.

3. Local Rule 9014-1 and Rule 9013, Federal Rules of Bankruptcy Procedure provide that motions shall be made to the court and set for a noticed hearing, except for those which may be submitted *ex parte*. The Motion to vacate the order granting the default judgment is not one which may be presented *ex parte* to the court.

4. Motions must be supported by competent, admissible evidence.

5. The noticed motion and hearing process is required to afford not only the parties to properly address contentions made to the court, but to ensure that matters are properly, truthfully, and honestly presented to the court.

6. The Motion to Set Aside Order for Entry of Default Judgment is not supported by any evidence.

///
///
///
///
///
///

7. The process by which evidence is submitted to the court exists to provide for full, fair, and honest resolution of disputes. Parties are not allowed to make personal requests of the court or to submit various unauthenticated documents for which no one testifies to under penalty of perjury for the veracity of what is alleged.

Dated: March 8, 2010

Ronald H. Sargis, Judge
United States Bankruptcy Court